## W. W. KNIGHT v. THE STATE.

1. APPEAL. — The effect of an appeal to this court is to suspend and arrest all further proceedings in the case by the court *a quo*, until it receives the judgment of this court. It is not competent, therefore, for the court below, pending an appeal, to so amend its minutes as to make them show that the defendant pleaded not guilty.

2. SAME. — A defendant is not required to await the conclusion of the term of the District Court at which he has been convicted, before prosecuting an appeal from its judgment. He may prosecute his appeal immediately upon the rendition of the judgment.

3. BILL OF EXCEPTIONS. — A document purporting to be a bill of exceptions signed by by-standers will not be recognized by this court as part of the record, unless it has the statutory requisites of a bill so signed. The recital that, "the judge having refused to sign this, it is signed by the undersigned by-standers," with three names subscribed thereto, does not authenticate a bill of exceptions.

APPEAL from the District Court of Dallas. Tried below before E. G. BOWER, Esq., Special Judge.

*R. H. West* and *N. P. Jackson*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. The appellant was indicted, jointly with one T. J. Barnhart, for the theft of a cow belonging to one Millie Fondron. The appellant, being tried alone, was convicted; a motion for a new trial was made and overruled, and notice of appeal was given in open court. Judgment was entered on the verdict, and the defendant was sentenced in accordance with the verdict and judgment; and this appeal was prosecuted.

From the view taken of the merits of this appeal, it will not be necessary to notice the several errors assigned, except in so far as they are necessary to a decision, and likely to arise on another trial. There are two transcripts of the record before us. The first transcript was filed in this court on April 5, 1879. On April 19, 1879, the attorney-general representing the State, filed a motion for *certiorari*, which

was granted, and on June 12, 1879, a writ of *certiorari* was issued, requiring the clerk of the District Court to send up a correct transcript of the record of the case; and in obedience to the *certiorari*, a second transcript was prepared and sent up, which was filed in this court on September 27, 1879. The *certiorari*, agreeably to the return of the sheriff, was executed June 16, 1879. The precept which accompanied the notice of the motion for *certiorari* appears to have been served on appellant April 28, 1879. On April 22, 1879 (agreeably to the note of the clerk in the margin), an order was made in the District Court in the case, as follows: "It is ordered by the court that the clerk of this court do correct the minutes of the court in this cause so as to show that the defendant, W. W. Knight, when on trial, pleaded not guilty as charged."

It is evident from the dates that this order was made after the case had been removed to this court by appeal. This order the court had no authority to make, even if the clerk had made the order in fact and had so amended the record (but which does not appear to have been done), for the reason that by the appeal and the filing of the record in this court, the jurisdiction of the District Court was at an end and the jurisdiction of this court had attached, agreeably to art. 727, Code of Criminal Procedure (Pasc. Dig., art. 3191), which declares that "the effect of an appeal is to suspend and arrest all further proceedings until the judgment of the Supreme Court [Court of Appeals] has been received by the District Court." *Hill* v. *The State*, 4 Texas Ct. App. 559; Rev. Code Cr. Proc., art. 849.

It may be supposed that the minutes of the court were under the control of the court, and subject to correction at any time before the adjournment for the term, which is ordinarily the case; but this power ceases whenever an appeal in a case of felony has been taken in the manner required by law, and the transcript has been filed here. The defendant had done all the law required of him to notify the court

and the prosecuting attorney that he intended to prosecute an appeal in this court ; he had, in the terms of the statute (Code Cr. Proc., art. 726 ; Pasc. Dig., art. 3170 ; Rev. Code Cr. Proc., art. 848), given notice of appeal in open court and had the same entered of record, as shown by the first transcript. The defendant was not required to await the adjournment of the court before prosecuting his appeal, but was authorized by law to prosecute it immediately if he so desired. Code Cr. Proc., art. 721 ; Pasc. Dig., art. 3185 ; Rev. Code Cr. Proc., art. 843. It being a felony case, and the transcript not showing that he pleaded to the indictment, or that a plea was entered for him, he was entitled to have the judgment reversed. *Bush* v. *The State*, 5 Texas Ct. App. 64, and authorities therein cited.

It is attempted to be made to appear by bill of exceptions that the court had provided a jury of twenty-four men for the week, and that the court had of its own motion excused two of this number without having their places filled, and, when the accused was brought into court, had twenty-two jurors drawn from the jury-box, and required the defendant to strike from the list of twenty-two, without first having filled the panel to twenty-four, and thus his challenges were exhausted, leaving but nine in the box; that three jurors were summoned as talesmen, whom he attempted to challenge, but was not permitted so to do. This bill of exceptions, it is stated, the judge refused to sign, and it appears to have been signed and certified by three by-standers, and filed by the clerk. This document, purporting to be a bill of exceptions, is not prepared as required by the law which authorizes by-standers to certify to the matters set out therein, and therefore cannot be considered. Pasc. Dig., arts. 217, 218 ; *Houston* v. *Jones*, 4 Texas, 170 ; Rev. Stats., arts. 1353 *et seq.*

On the trial, the prosecution was permitted to prove, over objection, certain facts in the nature of admissions derived from T. J. Barnhart, the jointly indicted co-defendant of

the appellant; the apparent objection being that the admissions were made after the accomplishment of the conspiracy, and the defendant Knight not being present when they were made. It does not clearly appear that this testimony was admissible. The following extract from the opinion of the court in *The People* v. *Davis*, 56 N. Y. 95, and the authorities there cited, lays down substantially the correct rules by which to determine the question : " The general rule is, that when sufficient proof of a conspiracy has been given to establish the fact *prima facie*, in the opinion of the judge, the acts and declarations of each conspirator in furtherance of the common object are competent evidence against all　(Citing 1 Wheat. 702 ; 3 Greenl. on Ev., sect. 94 ; 1 Taylor on Ev. 527.) But to make the declaration competent, it must have been made in the furtherance of the prosecution of the common object, or constitute a part of the *res gestæ* of some act done for that purpose. A mere relation of something already done for the accomplishment of the object of the conspirators is not competent evidence against others." (Citing 1 Taylor on Ev. 542, sect. 530.)

In view of another trial, we are of the opinion that the charge is in one respect objectionable. After the judge had properly instructed the jury that they were the exclusive judges of the weight of the evidence and the credibility of the witnesses, the charge proceeds as follows : " You may believe or disbelieve all or any portion of the statements of any witness ; you may believe one witness and disbelieve another ; you may believe a portion of the statements of a witness and disbelieve other portions of said statement." *Bishop* v. *The State*, 43 Texas, 390 ; *Stuckey* v. *The State*, decided at the present term, *ante*, p. 174.

For the reasons above stated, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*